**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
taylor@lagomarsinolaw.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DENNIS STANTON, individually,<br><br>Plaintiff,<br><br>vs.<br><br>AMENTUM SERVICES, INC., a Foreign Corporation; DOES I through X; and ROE ENTITIES I through X, INCLUSIVE,<br><br>Defendants. | CASE NO. 2:25-cv-00511-APG-NJK<br><br>**FIRST AMENDED STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(FIRST REQUEST)** |

IT IS HEREBY STIPULATED AND AGREED between the parties and their undersigned attorneys that the discovery cut-off date of December 4, 2025, be continued for a period of ninety (90) days from the Court's prior Order (ECF No. 13), for the purpose of allowing the parties to complete written discovery, complete the depositions of the parties, experts, and lay witnesses, and any other discovery the parties wish to conduct **(new information in bold)**[1].

**I.     DISCOVERY COMPLETED TO DATE**

- Plaintiff served his initial disclosures on June 6, 2025. Defendants served their initial disclosures on June 10, 2025. Plaintiff served his first supplemental disclosure on July 15, 2025.

---

[1] Both parties realized after submitting the *Stipulation and Order to Extend Discovery Deadlines (First Request)*, the proposed rebuttal expert disclosures deadline and dispositive motions deadline was not calculated to reflect the ninety (90) day extension. Additionally, the deadline to file the pre-trial order was not included. We apologize for our oversight to the Court, please see the amended dates in bold.

- On May 21, 2025, Plaintiff served his first set of Interrogatories, Request for Production of Documents and Requests for Admission to Defendants.
- On July 11, 2025, Defendants served their first set of Interrogatories and Request for Production of Documents to Plaintiff.
- Plaintiff served his Notice of Taking the Deposition of Patrick Abbott to Defendants on July 2, 2025. Plaintiff served his Notice of Vacating the Deposition of Patrick Abbott to Defendants on August 7, 2025.
- Plaintiff served his Notice of Taking the Deposition of Mark Sabo to Defendants on July 2, 2025. Plaintiff served his Notice of Vacating the Deposition of Mark Sabo to Defendants on August 7, 2025.
- Defendants served their Notice of Taking the Deposition of Dennis Stanton to Plaintiff on July 3, 2025. Defendants served his Notice of Vacating Deposition of Dennis Stanton to Plaintiff on August 8, 2025.
- Plaintiff served his Notice of LR 26-1 Conference to Defendants on May 8, 2025.

## II. DISCOVERY YET TO BE COMPLETED

The Parties have yet to complete the following discovery (individual or 30(b)(6) designees);

- the depositions of the named parties;
- the depositions of fact witnesses;
- expert witness disclosures and expert witness depositions;
- additional written discovery which may include written discovery to one another and/or additional subpoenas to third parties; and
- Any additional discovery the parties wish to conduct.

The Parties reserve the right to conduct additional discovery that is permitted by the Federal Rules of Civil Procedure.

## III. REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

While the parties have been diligent in conducting discovery in this matter, the following issues have been unavoidable:

The Defendant is a federal government defense contractor that provides services to the

United States Air Force ("Air Force") pursuant to the Range Support Services contract ("RSSII"). The services are performed throughout the Nellis Test and Training Range ("NTTR"). Plaintiff is a former employee of Defendant who worked at the NTTR. However, the locations of the work performed and the details of Defendant's work at the NTTR are classified, tied to national security, and cannot be disclosed without review and authorization at several levels. Moreover, Defendant cannot disclose (without the permission of the Air Force) any details regarding investigations performed by the Air Force that occur at the work locations, which information may relate, in part, to Plaintiff's claims in this case.

As a result of this extensive security review process that Defendant initiated in June and which Defendant understands is nearing completion by the necessary government reviewers, Defendant has been unable to produce any documents yet in this case. Defendant has diligently been working to obtain necessary approval to produce documents relevant to Plaintiff's employment, including documents relevant to the claims and defenses in this case, and documents responsive to Plaintiff's discovery requests; however, Defendant has not yet received necessary approval (and any required redactions upon the release of documents for disclosure). Defendant anticipates receiving the necessary approvals within the next 30 days. Neither of the Parties can proceed with meaningful discovery absent the disclosure of documents by Defendant, which resulted in the cancellation of previously scheduled depositions and a delay in the entire discovery process. As it stands, Plaintiff's counsel is completely unable to analyze whether there is a need to add parties or amend pleadings in this action because they do not have any more information than when the case was filed. As such, the Parties stipulate to and request that the Court order an extension of deadlines in order to account for this delay.

### IV. PROPOSED EXTENDED DEADLINES

|  | Current | Proposed |
|---|---|---|
| Discovery cut-off | 12/04/25 | Wednesday, March 4, 2026 |
| Deadline to amend pleadings and add parties | 09/05/25 | **Thursday,** December 4, 2025 |

| | | |
|---|---|---|
| Deadline for initial expert disclosures | 10/06/25 | Monday, January 5, 2026[2] |
| Deadline for rebuttal expert disclosures | 11/05/25 | **Tuesday, February 3, 2026** |
| Deadline to file dispositive motions | 01/20/26 | **Monday, April 20, 2026** |
| **Pre-Trial Order** | **02/19/26** | **Wednesday, May 20, 2026** |

This request for an extension is made in good faith and joined by all the parties in this case. The Request is timely pursuant to LR 26-3. Trial is not yet set in this matter and dispositive motions have not yet been filed. Accordingly, this extension will not delay this case. Since this request is a joint request, no party will be prejudiced.

The extension will allow the parties the necessary time to complete discovery.

**IT IS SO STIPULATED AND AGREED.**

DATED this 21st day of August, 2025.                         DATED this 21st day of August, 2025.

**LAGOMARSINO LAW**                                          **JACKSON LEWIS P.C.**

*/s/ Taylor N. Jorgensen*                                    */s/ Deverie J. Christensen*
ANDRE M. LAGOMARSINO, ESQ. (#6711)                           DEVERIE J. CHRISTENSEN, ESQ. (#6596)
CORY M. FORD, ESQ. (#15042)                                  300 S. Fourth St., Suite 900
TAYLOR N. JORGENSEN, ESQ. (#16259)                           Las Vegas, Nevada 89101
3005 W. Horizon Ridge Pkwy., #241                            *Attorney for Defendants*
Henderson, Nevada 89052
*Attorneys for Plaintiff*

**IT IS SO ORDERED.**

Dated: August 22, 2025
.
.
_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] This extended deadline for initial expert disclosures falls on Sunday, January 4, 2026. Pursuant to FRCP 6, this deadline is automatically moved to the next business day, Monday, January 5, 2026.