Deverie J. Christensen
Nevada State Bar No. 6596
Kyle J. Hoyt
Nevada State Bar No. 14886
**JACKSON LEWIS P.C.**
300 S. Fourth St., Suite 900
Las Vegas, Nevada 89101
Tel: (702) 921-2460
Email: deverie.christensen@jacksonlewis.com
kyle.hoyt@jacksonlewis.com

*Attorneys for Defendant*
*Amentum Services, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DENNIS STANTON, individually,<br><br>Plaintiff,<br><br>vs.<br><br>AMENTUM SERVICES, INC., a Foreign Corporation,<br><br>Defendant. | Case No. 2:25-cv-00511-APG-NJK<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY AND DISPOSITIVE MOTION DEADLINES**<br><br>**(FOURTH REQUEST)** |

IT IS HEREBY STIPULATED AND AGREED between Plaintiff Dennis Stanton, appearing in proper person, and Defendant Amentum Services, Inc., appearing by and through their counsel, Jackson Lewis, P.C., that the discovery cut-off date of October 2, 2026, be continued for a period of ninety (90) days from the Court's prior Order (ECF No. 41), for the purpose of allowing the parties to complete written discovery, complete the depositions of the parties, experts, and lay witnesses, that have continued to be delayed due to information security issues and an unexpected death of a crucial witness. This is the parties' fourth request for and extension

**I. DISCOVERY COMPLETED TO DATE**

1. Plaintiff served his initial disclosures on June 6, 2025. Defendant served its initial disclosures on June 10, 2025. Plaintiff served his first supplemental disclosure on July 15, 2025.

2. On May 21, 2025, Plaintiff served his first set of Interrogatories, Request for Production of Documents and Requests for Admission to Defendant.

3. On July 11, 2025, Defendant served their first set of Interrogatories and Request for Production of Documents to Plaintiff.

4. Plaintiff served his Notice of Taking the Deposition of Patrick Abbott to Defendant on July 2, 2025. Plaintiff served his Notice of Vacating the Deposition of Patrick Abbott to Defendant on August 7, 2025, while awaiting Defendant's disclosure of documents requiring federal government approval due to national security concerns.

5. Plaintiff served his Notice of Taking the Deposition of Mark Sabo to Defendant on July 2, 2025. Plaintiff served his Notice of Vacating the Deposition of Mark Sabo to Defendant on August 7, 2025, while awaiting Defendant's disclosure of documents requiring federal government approval due to national security concerns.

6. Defendant served its Notice of Taking the Deposition of Dennis Stanton to Plaintiff on July 3, 2025. Defendant served its Notice of Vacating Deposition of Dennis Stanton to Plaintiff on August 8, 2025, while awaiting Defendant's disclosure of documents requiring federal government approval due to national security concerns.

7. Defendant served their responses to Plaintiff's first set of Interrogatories, Requests for Production of Documents, Requests for Admission and Defendant's first supplemental disclosure of documents (after receipt of necessary government approval) on September

25, 2025.

8. Plaintiff served his responses to Defendant's first set of Interrogatories and Requests for Production of Documents as well as his second supplemental disclosure on September

26, 2025.

9. Plaintiff served his third supplemental disclosure on October 7, 2025.

10. Plaintiff served his second set of Interrogatories to Defendant on October 17, 2025.

11. Plaintiff served his second set of Requests for Production of Documents and his Notice of Taking the Deposition and Subpoena of Gary Gilgan to Defendant on October 22, 2025.

12. Defendant served their responses to Plaintiff's second set of Interrogatories to Plaintiff on November 17, 2025.

13. Plaintiff served his Notice of Vacating the Videotaped Deposition of Gary Gilgan to Defendant on November 21, 2025.

14. Defendant served their responses to Plaintiff's second set of Requests for Production of Documents to Plaintiff on December 1, 2025.

15. Plaintiff served his First Amended Notice of Taking the Videotaped Deposition and Subpoena of Gary Gilgan to Defendant on December 4, 2025.

16. Defendant served their second supplemental disclosure on January 9, 2026.

17. The deposition of Gary Gilgan was completed on January 13, 2026.

18. Plaintiff served his third set of Requests for Production of Documents to Defendant on January 16, 2026.

19. Defendant served their third supplemental disclosure on January 30, 2026.

20. Defendant served its responses to Plaintiff's third set of Requests for Production of Documents to Defendant on February 17, 2026.

21. On April 14, 2026, Plaintiff served his fifth supplemental disclosure of documents and witnesses.

22. On May 12, 2026, Plaintiff served his fourth set of Requests for Production of Documents, second set of Requests for Admission, and third set of Interrogatories to Defendant.

23. On June 4, 2026, Plaintiff served his Initial Expert Witness Disclosure.

24. On July 10, 2026, Defendant provided its responses to Plaintiff's fourth set of Requests for Production of Documents, second set of Requests for Admission, and third set of Interrogatories to Defendant.

## II. DISCOVERY YET TO BE COMPLETED

The Parties have yet to complete the following discovery (individual or 30(b)(6) designees);

1. The depositions of the named parties;
2. The depositions of fact witnesses;

3. Expert witness disclosures and expert witness depositions;

4. Additional written discovery which may include written discovery to one another and/or additional subpoenas to third parties.

The Parties reserve the right to conduct additional discovery that is permitted by the Federal Rules of Civil Procedure.

**III. REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED**

While the parties have been diligent in conducting discovery in this matter, the following issues have been unavoidable:

The Defendant is a federal government defense contractor that provides services to the United States Air Force ("Air Force") pursuant to the Range Support Services contract ("RSSII"). The services are performed throughout the Nellis Test and Training Range ("NTTR"). Plaintiff is a former employee of Defendant who worked at the NTTR. However, the locations of the work performed and the details of Defendant's work at the NTTR are classified, tied to national security, and cannot be disclosed without review and authorization at several levels. Moreover, Defendant cannot disclose (without the permission of the Air Force) any details regarding investigations performed by the Air Force that occur at the work locations, which information may relate, in part, to Plaintiff's claims in this case.

As a result of this extensive security review process necessary to obtain permission from the Air Force for disclosure of documents and information, the discovery process has been slow-going and delayed for reasons outside the control of the parties. Previously, the parties had to end their scheduled Early Neutral Evaluation early due to information security concerns related to disclosed discovery documents and information during the ENE conference. This essentially halted discovery in the case until the Air Force could review all case materials and inform the Parties what actions to take to address security related concerns, and to follow through with required redactions and deletions of certain documents, information and audio recordings. This process took several weeks to obtain direction from the Air Force and to complete the required actions, which counsel for the parties have diligently worked cooperatively on.

While the parties were rescheduling the depositions of defense witnesses, which depositions were delayed by the security issue that arose with documents, information, and audios to be used during the depositions, counsel for the Parties learned that a key defense witness, Patrick Abbott, a manager who addressed Plaintiff's complaints regarding overtime issues and investigated an event that ultimately led to Plaintiff's termination, unexpectedly passed away. As part of the evidence in this case, there are audio recordings of meetings between Patrick Abbott and the Plaintiff related to some of the claims and allegations in this case, and due to the unfortunate situation, the Parties agreed and Defendant has requested the Air Force reconsider its instruction to delete certain audio recordings due to security related issues, and consider permitting the Parties to obtain and use redacted versions of the audio recordings with any portions removed for security related purposes. Now, the parties are waiting on direction from the Air Force on whether recordings of Mr. Abbott can be used in the case at all and, if so, to what extent with any redactions as Mr. Abbott is no longer available as a witness for deposition and testimony.

The review process is not complete and is not subject to the parties' control. Recently, Defendant sought a status on the review process in order for the parties to continue needed discovery.

Additionally, deposition scheduling has been difficult in and of itself because each deposition must also be attended by an authorized security officer to ensure that any witnesses do not reveal any classified, restricted unclassified, or sensitive security related information in responding to questions posed by Plaintiff's Counsel and Defense Counsel, particularly as counsels may be unaware a question would reveal such information. While both parties have engaged in good faith discovery and are trying to push the case forward, there continue to be numerous speed bumps that simply cannot be avoided due to the nature of the work and location where Plaintiff worked for Defendant.

During a recent meet and confer, Plaintiff informed Defendant that he intended to significantly supplement his prior disclosures which include additional documents, communications, and recordings that have not previously been provided. Defendant is concerned

that these materials may also require further review and will work expeditiously if issues arise. Defendant also wishes to allow counsel time to review these materials in order to prepare for Plaintiff's deposition and/or conduct additional discovery. The parties further met and conferred on the process for Plaintiff to make the disclosures. Defendant is coordinating with Plaintiff to facilitate transfer of materials via electronic file sharing so that there is no additional delay in disclosure.

Plaintiff anticipates supplementing disclosures or discovery responses as required by Rule 26(e) with nonprivileged materials identified through his ongoing file review. This recital is not an admission that any prior disclosure or response was incomplete, untimely, or noncompliant.

Previously, Plaintiff was represented by counsel who was granted leave to withdraw. Since that time Plaintiff has diligently sought substitute counsel but has not yet retained counsel. Following former counsel's withdrawal, Plaintiff has been required to assume responsibility for reviewing the transferred file, identifying remaining discovery and expert needs, and preparing the case. Plaintiff also continues to work and represents that this limits his ability to conduct discovery.

Plaintiff and counsel for Defendant recently met and conferred over multiple issues raised by Plaintiff. Among other topics, Plaintiff inquired about the deposition of a company representative and identification of Defendant's witness. Defendant's counsel referred Plaintiff to Fed. R. Civ. P. 30(b)(6) and stated Defendant's position that Plaintiff must prepare a list of topics before Defendant can properly identify witness(es) to testify on its behalf.

Plaintiff also informed Defendant's counsel of his intent to file a motion in the coming days regarding the lien asserted by his former counsel. Plaintiff identified the lien as a potential barrier to obtaining counsel and to resolving the litigation through settlement.

The parties also met and conferred about Plaintiff's original request to extend discovery by 180 days and provide a new date by which initial experts may be disclosed. The parties were able to reach a more limited agreement as to the four deadlines specifically identified below. Plaintiff contends that the June 4, 2026 initial expert-disclosure deadline should be reopened and

expressly reserves the right to seek that relief by separate motion. Defendant does not stipulate to reopening that deadline and expressly reserves all objections and opposition under Federal Rules of Civil Procedure 6, 16, 26, and 37. Neither this Stipulation nor any order approving it shall be construed as Plaintiff's abandonment, waiver, or concession concerning reopening the initial expert-disclosure deadline; as Defendant's consent to that relief; or as a determination of the merits of Plaintiff's anticipated request. Unless and until the Court orders otherwise, the June 4, 2026 deadline remains in effect.

Because the parties seek to extend the existing expert rebuttal deadline less than 21 days before the deadline, LR 26-3 requires a showing of good cause. Defendant has retained an expert to respond to Plaintiff's previously disclosed expert and provided all discovery materials for the expert's review. Defendant now anticipates that Plaintiff will significantly supplement his disclosures and requests additional time for Defendant's expert to review that information and documents prior to providing opinions and a report.

## IV. PROPOSED EXTENDED DEADLINES

| | Current | Proposed |
|---|---|---|
| Discovery cut-off | 10/02/26 | **Thursday, December 31, 2026** |
| Deadline for initial expert disclosures | 06/04/26 | ***No Change from June 4, 2026 date*** |
| Deadline for rebuttal expert disclosures | 09/04/26 | **Thursday, December 3, 2026** |
| Deadline to file dispositive motions | 11/16/26 | **Wednesday, February 17, 2027** |
| Pre-Trial Order | 12/18/26 | **Thursday, March 18, 2027** |

This request for an extension is made in good faith by the parties and not for the purpose of delay.

/ / /

/ / /

/ / /

The extension will allow the parties the necessary time to complete discovery, which continues to be delayed for reasons outside the parties' control.

**IT IS SO STIPULATED AND AGREED.**

Dated this 3rd day of September, 2026.

DENNIS V. STANTON

*/s/ Dennis Stanton*
Dennis Stanton
7088 Los Banderos Avenue
Las Vegas, Nevada 89179-1207

*Plaintiff In Proper Person*

JACKSON LEWIS P.C.

*/s/ Kyle Hoyt*
Deverie J. Christensen, Bar # 6596
Kyle J. Hoyt, Bar # 14886
300 South Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorney for Defendant*
*Amentum Services, Inc.*

**ORDER**

IT IS SO ORDERED.

Hon. Nancy J. Koppe
United States Magistrate Judge

Dated: September 4, 2026