**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Dennis Stanton,<br>Plaintiff,<br>v.<br>Amentum Services, Inc.,<br>Defendant. | Case No. 2:25-cv-00511-APG-NJK<br>**Order**<br>[Docket Nos. 62, 63] |

Pending before the Court is Plaintiff's motion to extend discovery deadlines. Docket No. 62.[1] Defendant filed a response in opposition. Docket No. 65. Plaintiff filed a reply. Docket No. 69. Also pending before the Court is Plaintiff's motion for leave to file an amended motion. Docket No. 63. The motions are properly resolved without a hearing. *See* Local Rule 78-1

A request to extend scheduling order deadlines implicates the "good cause" standard outlined in Rule 16(b) of the Federal Rules of Civil Procedure. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. Courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* The diligence inquiry also addresses other pertinent circumstances, including whether the movant was prompt in seeking relief from the Court once it became apparent that relief from the scheduling order was needed. *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citing *Eckert Cold Storage Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996)). Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movant's reasons for seeking modification. *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.* The party seeking amendment bears the burden of

[1] The Court liberally construes the filings of *pro se* litigants. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

establishing diligence. *E.g.*, *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 638 (D. Nev. 2021) (citing *Singer v. Las Vegas Athletic Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019)).

Plaintiff submits that good cause exists because he exercised diligence when seeking expert witnesses, scheduling a conference to discuss discovery deadlines with Defendant, and providing Defendant with recordings. Docket No. 62 at 8-10. Defendant submits that good cause does not exist because Plaintiff was not diligent in providing Defendant with recordings, as Plaintiff made the recordings in 2024 so they should have been provided to Defendant earlier. Docket No. 65 at 7. Defendant further submits that Plaintiff failed to demonstrate diligence because he waited until the Court ruled on his motion to extend the expert disclosure deadline to look for expert witnesses. *Id.* at 4-5. In reply, Plaintiff submits that he contacted safety experts and sought to confer with Defendant about extending discovery deadlines before the October 26, 2026, Court order. Docket No. 69 at 2.

Plaintiff submits that he contacted five experts between September 1, 2026, and October 16, 2026. Docket No. 65 at 6. Plaintiff further submits that he was unable to retain any of the five experts for various reasons outside of his control. *Id.* Thus, on October 16, 2026, Plaintiff requested to meet with Defendant to discuss extending discovery deadlines. Docket No. 62 at 25. On October 21, 2026, Plaintiff again requested to meet with Defendant. *Id.* at 26. Defendant responded on October 26, 2026, and the parties met on October 27, 2026. *Id.* At the meeting, Defendant's counsel informed Plaintiff that Defendant opposed the requested extension of discovery deadlines. *Id.* Plaintiff filed the instant motion on October 29, 2026. *See id.* The Court therefore finds that Plaintiff was diligent in seeking expert witnesses and requesting an extension of the discovery deadlines when it became apparent that they could not be met.

Plaintiff submits that he has retained a workplace electrical-safety expert and a psychologist since filing the instant motion and that each expert expects to complete necessary reports by January 29, 2027. Docket No. 69 at 1. The Court therefore finds that Plaintiff has demonstrated good cause to extend the discovery deadlines.

Accordingly, the Court **GRANTS** Plaintiff's motion to extend discovery deadlines. Docket No. 62. Plaintiff's motion for leave to file an amended motion is **DENIED** as moot. Docket No. 63. The Court **RESETS** case management deadlines as follows:

- Initial experts: January 29, 2027
- Rebuttal experts: March 1, 2027
- Discovery cutoff: March 31, 2027
- Dispositive motions: April 30, 2027
- Joint proposed pretrial order: May 31, 2027, or 30 days after the resolution of dispositive motions

IT IS SO ORDERED.

Dated: November 24, 2026

Nancy J. Koppe
United States Magistrate Judge